JAMES N. FISK v. B. W. VARNELL.

Section 40 of the general provisions of the Constitution of Texas, which provides that "all sales of landed property made under decrees of court in this State shall be offered to bidders in lots of not less than ten nor more than forty acres, except in towns or cities, including sales for taxes,"—*held*, applicable only to sales for taxes, and sales under judgments and decrees *in rem*.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

*S. G. Newton*, for appellant.

*W. B. Leigh*, for appellee.

WALKER, J.—This case presents a question of interest to the public and the profession which must be settled by a construction of Section 40, General Provisions of the Constitution, and the Act of August 13, 1870. The former reads thus: "All sales of landed property made under decrees of court in this State shall be offered to bidders in lots of not less than ten nor more than forty acres, except in towns or cities, including sales for taxes." The language of the act referred to is in strict accordance with the constitutional provision. The question then is,.

does the provision apply to any other class of sales than sales for taxes and sales under judgments and decrees *in rem?* We are of opinion it does not.

This was an action brought against the appellee and the sheriff of Bexar county to enjoin the sale of real estate levied on under a judgment *in personam.* The prayer for injunction was predicated upon two averments; first, that plaintiff, having personal property, was not called on by the sheriff to point out the property to be levied on ; and secondly, that the sheriff had levied on and advertised lands in large bodies, without reference to the above quoted clause of the Constitution and the act passed in pursuance thereof. The defendant demurred, and the demurrer was sustained as to the second averment, but overruled as to the first. We think the court ruled correctly, and we therefore affirm the judgment. Delay is suggested and damages asked, but we do not think this a case for damages. It comes to this court on a grave constitutional question which has not hitherto been determined by this court on any question fairly made before us.

AFFIRMED.