MOSES J. COOK ET AL. V. JOHN BROWN.

1. SHERIFF'S SALE.—Section 40, article XII, of the Constitution of 1869, providing that "all sales of landed property made under decrees of courts in this State shall be offered to bidders in lots of not less than ten nor more than forty acres, except in towns or cities, including sales for taxes," while in force did not operate to render void or subject to be collaterally attacked by third parties a sale not actually made in lots of forty acres or less, or a decree not directing the sale to be so made in enforcing a vendor's lien.

2. Fisk v. Varnell, 39 Tex., 73, approved.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The facts are sufficiently shown in the opinion.

*Moore & Ledbetter*, for the appellants.—This was an action of trespass to try title. It is shown by the record that the appellants were in possession of the land, claiming the same under deed from Major Cook.

The plaintiff must recover, if at all, upon the strength of his own title, and not on the weakness of defendant's.

The plaintiff claims the land in controversy under a sheriff's deed dated the 5th day of April, 1870, made under an order of sale issued from the District Court of Fayette county, upon a judgment of said court, foreclosing the vendor's lien on said land.

It is admitted that the land was not sold in lots of not less

than ten nor more than forty acres, but that it was sold in one tract.

It is submitted that this sale, being made after the adoption of the late Constitution of Texas, is in contravention of the plain provision of said instrument, (see sec. 40 Const.,) and that no title passed by said sale.

That this sale was made under the decree of a court, we think there can be no doubt; the order under which the sale was made pointed out the particular tract to be sold, and no other property could be levied upon by the sheriff until this particular land was sold. The mere fact that the sheriff is ordered to sell as under execution, we submit, does not relieve the sale of its constitutional objection, for we think this has reference to the manner of advertisement, the place, and time of sale, &c.

The Constitution of 1869, sec. 9, art. 5, provides that the District Court should have exclusive jurisdiction for probate of wills, &c.; and long before there was any legislation on this clause putting the same into operation, the District Courts everywhere probated wills, appointed administrators, guardians, &c.

Section 3, article 5, also provides that no appeal in criminal cases shall be allowed, unless one of the supreme judges allows the same, &c.; and before any legislation on this subject, appeals were perfected in this mode.

*Timmons & Brown*, for appellee, cited Riddle *v.* Bush, 27 Tex., 675; Watson *v.* Hopkins, 27 Tex., 637; Ayres *v.* Dupree, 27 Tex., 593, and argued that the provision of the Constitution of 1869 concerning the sales of lands under decrees of courts required legislation to put it into practical operation. Such legislation was not had until the act of August 13, 1870, while the sale in controversy was made under a decree rendered 13th January, 1870.

GOULD, ASSOCIATE JUSTICE.—The plaintiff claimed title by

virtue of a judgment in the District Court of Fayette county, on January 13, 1870, foreclosing a vendor's lien in favor of plaintiff's intestate against one Major Cook, and by virtue of a sheriff's sale under said judgment or decree, had on April 5, 1870. The defendant in the present suit, who was not a party to the suit of foreclosure, claims that the sheriff's sale was invalid and the sheriff's deed void, because the sale was not made in accordance with the requirements of sec. 40 art. 12 of the Constitution as then in force. That section is as follows:

"All sales of landed property, made under decrees of courts in this State, shall be offered to bidders in lots of not less than ten nor more than forty acres, except in towns or cities, including sales for taxes."

It was admitted that the entire tract of 1,200 acres was sold in one body, and not in lots of not less than ten nor more than forty acres.

On August 13, 1870, an act was passed, the first section of which is almost identical with the Constitution, except that it in its terms applies to "all sales of landed property * * * hereafter made under the decrees of courts of this State." (Paschal's Dig., art. 7014.) The subsequent sections of this act, make it the duty of the court rendering the decree to specify the size, shape, and quantity of the lots to be sold, and provided also that the court "may order the employment of a surveyor to divide the land and lay off the lots for sale." (Acts of 1870, p. 78.) On May 8th, 1871, this act was amended, but not in any matter material to be noticed. (Paschal's Dig., art. 7015, *et seq.*)

On June 4, 1873, the Legislature passed a joint resolution, proposing, amongst other amendments to the Constitution, to substitute for the section cited a clause on an entirely different subject. This amendment was finally adopted in January, 1874; and on April 6, 1874, the acts of August 13, 1870, and May 8, 1871, were both repealed.

The acts referred to, indicate a legislative construction of

the Constitution as intended to operate prospectively through future decrees, and as requiring action both by the Legislature and the courts, to make it effective. The section of the Constitution under consideration does not seem to have been regarded by the Legislature as operating *proprio vigore*, or as intended to render void future sales under decrees not made in accordance with its requirements. If this constitutional provision was founded on considerations of public policy outside of the interests of parties to suits, the legislative branch of the Government did nothing to extend it to execution sales; and in the case of Fisk *v.* Varnell, 39 Tex., 73, it was held by our predecessors not to "apply to any other class of sales than sales for taxes and sales under judgments and decrees *in rem.*"

We are content to adopt a construction of this very singular and short-lived constitutional provision in harmony with that given it whilst in force, and hold that it did not operate to render void, or subject to be collaterally attacked by third parties, a sale not actually made in lots of forty acres or less, or a decree not directing the sale to be so made.

This is the sole question presented for adjudication. The judgment accordingly is affirmed.

AFFIRMED.